# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1549V**
**Filed: May 15, 2026**

|  |
|---|
| JANE DEREGO, *administrator of* ESTATE OF LAWRENCE DEREGO, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On November 9, 2020, Jane DeRego ("petitioner") filed a petition on behalf of Lawrence DeRego ("decedent"), for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). Petitioner alleges that the decedent suffered Guillain Barré syndrome ("GBS") as a result of his January 16, 2020 pneumococcal conjugate vaccination. Petition at 1; Stipulation, filed May 15, 2026, at ¶¶ 2, 4. Petitioner further alleges that the decedent's vaccination caused his ultimate death, that there has been no prior award or settlement of a civil action for damages as a result of the decedent's condition or death, and that the decedent's vaccination was administered in the United States. Petition at 1-2; Stipulation at ¶¶ 3-5. "Respondent denies that the decedent's alleged GBS was caused in-fact by the pneumococcal conjugate vaccine; and denies that the pneumococcal conjugate vaccine caused the decedent any other injury or his death. " Stipulation at ¶ 6.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on May 15, 2026, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

    a.  A lump sum payment of **$130,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as administrator of the Estate of Lawrence DeRego; and

    b.  A lump sum payment of **$140.18**,[3] representing reimbursement of a Medicaid lien for services rendered to the decedent by the Commonwealth of Massachusetts, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

COMMONWEALTH OF MA
Casualty Recovery
P.O. BOX 417811
Boston, MA 02241-7811

Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id*.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or  cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payments the Commonwealth of Massachusetts has made to or on behalf of the decedent's alleged injury relating to a vaccine administered on January 16, 2020, under Title XIX of the Social Security Act, 42 U.S.C. § 300aa-15(g), (h).  Stipulation at n.1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| JANE DEREGO, administrator of ESTATE OF LAWRENCE DEREGO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 20-1549V<br>Special Master Horner<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jane Derego ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), as administrator of the estate of Lawrence Derego ("decedent"). The petition seeks compensation for injuries and death allegedly related to the decedent's receipt of a pneumococcal conjugate vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. The decedent received the pneumococcal conjugate vaccine on January 16, 2020.

3. The vaccine was administered within the United States.

4. Petitioner alleges the pneumococcal conjugate vaccine caused the decedent to develop Guillain-Barré syndrome ("GBS"), which caused his death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on the decedent's behalf as a result of decedent's condition or death.

1

6.  Respondent denies that the decedent's alleged GBS was caused in-fact by the pneumococcal conjugate vaccine; and denies that the pneumococcal conjugate vaccine caused the decedent any other injury or his death.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum payment of **$130,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as administrator of the Estate of Lawrence Derego; and

> b. A lump sum of **$140.18**,[1] representing reimbursement of a Medicaid lien for services rendered to the decedent by the Commonwealth of Massachusetts, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

COMMONWEALTH OF MA
Casualty Recovery
P.O. BOX 417811
Boston, MA 02241-7811

These amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payments the Commonwealth of Massachusetts has made to or on behalf of the decedent from the date of his eligibility for benefits through the date of judgment in this case as a result of the decedent's alleged injury relating to a vaccine administered on January 16, 2020, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g),(h).

2

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the administrator of the decedent's estate under the laws of the Commonwealth of Massachusetts. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as administrator of the decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as administrator of the decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as administrator of the

3

decedent's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as administrator of the estate of the decedent, on petitioner's own behalf, and on behalf of the decedent's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of the decedent resulting from, or alleged to have resulted from, the pneumococcal conjugate vaccination administered on January 16, 2020, as alleged in a petition for vaccine compensation filed on or about November 9, 2020, in the United States Court of Federal Claims as petition No. 20-1549V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

4

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the pneumococcal conjugate vaccine caused the decedent's alleged injury, or any other injury or the decedent's death.

17. All rights and obligations of petitioner hereunder in petitioner's capacity as administrator of decedent's estate shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

JANE DEREGO, as administrator of
the estate of Lawrence Derego

**ATTORNEY OF RECORD FOR
PETITIONER:**

RONALD C. HOMER    *Rule 83.1(c)(2)*
MEREDITH DANIELS
Conway Homer, P.C.
16 Shawmut Street
Boston, MA 02116
Email: mdaniels@ccandh.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R.
Grimes -S16

Digitally signed by George R.
Grimes -S16
Date: 2026.05.06 16:31:33 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

JAMES V. LOPEZ
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655
Email: james.lopez@usdoj.gov

Dated: 5/15/26

6